# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| DEWAYNE DUPREE | CIVIL ACTION NO. 3:12-cv-1442 |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| FOURTH JUDICIAL DISTRICT COURT | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Dewayne Dupree filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 31, 2012.  Plaintiff is a pre-trial detainee in the custody of the Sheriff of Ouachita Parish.  He is confined at the Ouachita Parish Corrections Center (OPCC)where he either awaits trial or is serving time following his conviction for violating domestic abuse protective orders and violating probation. He sued the Fourth Judicial District Court praying compensatory damages for pain and suffering and lost wages; he also prays for the restoration of his reputation and for "new judges and lawyers" in the Fourth Judicial District.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against defendants who are immune from suit.

### *Background*

Plaintiff was apparently charged with murder on December 6, 2011. Sometime in February 2012 the charged was dismissed, but plaintiff remained incarcerated at the OPCC

awaiting trial on 15 pending counts of violating protective orders. His bond remains $3,000,000. In his original complaint he prayed that his "name be cleared up" and he requested unspecified compensatory damages for pain, suffering and lost wages.  In an amended complaint filed in late June, plaintiff alleged, "The judges and lawyers are not doing [their] jobs as judges and lawyers. The lawyers are working with the D.A.'s what the D.A.'s say the judge do what they said instead of [thinking] for [themselves.]" He prayed for "money I have missed out on since I been locked up... [and] get some new judges and lawyers."

### Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009) (A court should begin its analysis

by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

### 2. Juridical Entity

Plaintiff has sued a single defendant – the Fourth Judicial District Court.

Rule 17(b) of the Federal Rules of Civil Procedure provides that capacity to sue or be sued is determined "by the law of the state where the court is located ..." Fed.R.Civ.P. 17(b)(3). Under Louisiana law, an entity must qualify as a "juridical person" before it may be sued. *Hunt v. Town of New Llano*, 930 So.2d 251, 254, (La.App. 3d Cir.2006) (citations omitted). A "juridical person" is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Art. 24.

This court has previously recognized that Louisiana's Fourth Judicial District Court is not a juridical person or entity capable of being sued. *See e.g., Brown v. Noel*, 2010 WL 2682464

(W.D.La. May 7, 2010)(Report and Recommendation), citing *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D.La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir.1976)) and, 2010 WL 2696151 (W.D.La. Jul 02, 2010) (Judgment); *Moore v. Fourth Judicial District Court*, 2012 WL 1391652 (W.D.La. March 9, 2012.)(Report and Recommendation) and 2012 WL 1391638 (W.D.La. Apr 20, 2012)(Judgment).  Consequently, the Fourth Judicial District Court is not a proper defendant in this action, and plaintiff's claims against that entity must be dismissed, with prejudice, as frivolous. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir.1991) (affirming district court's dismissal, with prejudice, of defendant that could not be sued as an independent entity).

Plaintiff's suit against the Fourth Judicial District is frivolous and fails to state a claim for which relief may be granted.

### 3. Judges and Prosecutors

To the extent that the plaintiff seeks money damages from the Judges and prosecutors of the Fourth Judicial District, such claim is also frivolous.  Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

### 4. Defense Counsel

To the extent plaintiff seeks to visit liability upon the criminal defense bar his claim fares

no better. "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor.  *Landry v. A–Able Bonding, Inc.*, 75 F.3d 200, 203-04 (5th Cir.1996)(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir.1988); see also *Georgia v. McCollum*, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Marts v. Hines*, 68 F.3d 134, 135 (5th Cir.1995); *Mills v. Criminal District # 3*, 837 F.2d 677 (5th Cir.1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir.1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973). Thus plaintiff fails to state a claim for which relief may be granted with respect to these defendants.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against defendants who are immune from suit,  pursuant to the

provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, September 24, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE